IN THE DISTRICT COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>JOSE REINOZA, a/k/a<br>GREGORIO PACHECO, a/k/a<br>GREGORIO REINOZA PACHECO,<br><br>Defendant. | CASE NO. 23-cr-00021 |

## UNITED STATES' SENTENCING MEMORANDUM

The United States of America, through its attorney, Delia L. Smith, United States Attorney, and Daniel H. Huston, Assistant United States Attorney, hereby submits the following Sentencing Memorandum.

## BACKGROUND

On April 11, 2024, the defendant pled guilty to Count One of the underlying Information that charged the defendant with Conspiracy to Possess a Controlled Substance with Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(3). Pursuant to the Plea Agreement, the following is a summary of the relevant facts:

> On November 15, 2023, during their patrol in international waters in the Eastern Caribbean Sea, 116 NM West of Fort de France, Martinique, the United States Coast Guard Cutter (USCGC) Diligence observed the vessel Jackie Boy in a known drug trafficking area, not fishing, with no indicia of nationality. The USCGC Diligence launched a smaller, Over the Horizon (OTH), vessel to engage the vessel Jackie Boy. The OTH noted that the vessel Jackie Boy became non-compliant and began making aggressive movements while jettisoning packages tied to sandbags. The USCG boarding officer witnessed approximately 10 – 15 packages tied to sandbags being jettisoned off the Jackie Boy. After the last package was thrown over-board, the vessel Jackie Boy became compliant with the OTH. The package which was jettisoned toward the OTH was retrieved from the water and field tested

*U.S. v. Reinoza,* 23-cr-21
Sentencing Memorandum
Page 2

positive for presumptive cocaine.

The defendant was one of six subjects found on the vessel Jackie Boy. The master of the vessel claimed Grenadian nationality for the vessel which the country of Grenada did confirm to the USCGC. The Government of Grenada granted a waiver of jurisdiction for the case, and they waived objection to the enforcement of United States law by the United States.

The presumptive cocaine from the recovered package was submitted to the DEA Southeast Laboratory in Miami, FL, where it was confirmed with a net weight of 32.15 kgs.

## SENTENCE ANALYSIS

### A) Statutory Provisions

The defendant pled guilty to Count One of the Information which charged the defendant with Conspiracy to Possess a Controlled Substance with Intent to Distribute While on Board a Vessel Subject to the Jurisdiction of the United States, in violation of 46 U.S.C. §§ 70503(a)(1), 70506(a) and (b), and 21 U.S.C. § 960(b)(3). A violation of these statutes carries a prison term of not more than 20 years, a term of supervised release of at least 3 years, a maximum fine of $1,000,000, and a special assessment of $100.

### B) Sentencing Guideline Calculations

**Base Offense Level**: The base offense level for Count One is 32 since the amount of cocaine involved was over at least 15 KG but less than 50 KG, to wit: 32.15 KG. USSG §2D1.1(c)(4). PSR ¶ 23. However, as a minor role participant, the defendant qualifies for a 2-level decrease, resulting in an adjusted base offense level of 30. USSG § 2D1.1(a)(5). PSR ¶ 23.

**Specific Offense Characteristics:** The defendant provided a proffer interview on April 11, 2024. However, it is the Government's position that the defendant failed to truthfully provide all information and evidence that he has concerning the underlying offense. Thus, it is the

*U.S. v. Reinoza,* 23-cr-21
Sentencing Memorandum
Page 3

Government's position that this defendant is not eligible for a safety valve reduction. The Government will submit supporting documentation to the Court under seal and will further detail this position at the Sentencing Hearing on August 14, 2024.

**Adjustment for Role in the Offense:** The Government believes that the defendant was a minor participant in the criminal activity, and thus entitled to a two-level reduction. USSG §3B1.2(b). PSR ¶ 26.

**Chapter Four Adjustment:** The defendant meets the criteria of USSG §4C1.1(a)(1) - (10) and therefore is a Zero-Point Offender. As such, his offense level is reduced by two levels. PSR ¶ 29.

**Acceptance of Responsibility:** The Government agreed to recommend that the defendant receive a two-level reduction credit for acceptance of responsibility at the time of sentencing, assuming the defendant does in fact clearly demonstrate acceptance of responsibility, in accordance with USSG §3E1.1. Assuming the defendant does in fact accept responsibility, the Government agreed to also file a motion requesting that the defendant receive an additional one level decrease in the offense level as contemplated by USSG § 3E1.1(b). PSR ¶¶ 31 and 32.

**Total Offense Level:** As a result of the foregoing calculations, the defendant's total offense level is 23. PSR ¶ 32.

**Criminal History Computation:** As determined by the Presentence Investigation Report, the defendant's total history score is zero, which establishes a criminal history category of I. PSR ¶¶ 36 and 37.

**Guideline Provisions:** Based upon a total offense level of 23 and a criminal history category of I, the guideline imprisonment range is 46 - 57 months. PSR ¶ 52.

*U.S. v. Reinoza,* 23-cr-21
Sentencing Memorandum
Page 4

**Supervised Release:** The Sentencing Guidelines provide for a term of supervised release of 3 years. USSG § 5D1.2. PSR ¶ 59.

**Fine Range:** The fine range is $20,000 to $1,000,000. PSR ¶ 60.

## LEGAL STANDARDS

After *United States v. Booker*, 543 U.S. 220 (2005), sentencing, regarding federal violations of federal law, involves a three-step process: (1) "district courts are to calculate a defendant's sentencing Guidelines range precisely as they would have before pre-*Booker*;" (2) courts must formally rule on any departure motions "and state on the record whether they were granting a departure and, if so, how such a departure affects the initial Guidelines calculation;" and (3) courts "are required to exercise their discretion by considering the relevant 18 U.S.C. §3553(a) factors in setting their sentences, regardless of whether it varies from the original calculation." *United States v. Fumo*, 655 F.3d 288, 329 (3d Cir. 2011); *accord United States v. Goff*, 501 F.3d 250, 254 (3d Cir. 2007).

1. **Guideline Calculations**

As detailed above, the guideline term of imprisonment range is 46 - 57 months.

2. **No Guideline Departure Is Warranted**

Neither party has sought a departure in this case, and none is warranted. Accordingly, no downward departure should be granted, and the advisory guideline sentence detailed above should remain unchanged. If the Court is contemplating a departure "from the applicable sentencing range on a ground not identified for departure either in the presentence report or in a party's prehearing submission," it must give the parties "reasonable notice." Fed. R. Crim. P. 32(h); *see Irizarry v. United States*, 553 U.S. 708, 713-14 (2008); *United States v. Vampire Nation*, 451 F.3d 189, 197-

*U.S. v. Reinoza,* 23-cr-21
Sentencing Memorandum
Page 5

98 (3d Cir. 2006).

### 3. **Sentencing Factors**

Finally, in Step 3 this Court may "tailor the sentence in light of other statutory concerns reflected in the sentencing factors of §3553(a)." *United States v. Merced*, 603 F.3d 203, 213 (3d Cir. 2010) (internal quotation marks omitted). The Court must give "rational and meaningful consideration of the factors enumerated in 18 U.S.C. §3553(a)" and make an "individualized assessment based on the facts presented." *United States v. Tomko*, 562 F.3d 558, 567-68 (3d Cir. 2009) (en banc) (internal quotation marks omitted).

Under 18 U.S.C. §3553(a), the Court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes of sentencing. These purposes are:

> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> (B) to afford adequate deterrence to criminal conduct;
>
> (C) to protect the public from further crimes of the defendant; and
>
> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. §3553(a)(2).

In determining the sentence to be imposed, pursuant to 18 U.S.C. § 3553(a), this Court shall consider the following factors:

- the nature and circumstances of the offense and the history and characteristics of the defendant;
- the purposes of sentencing detailed above;
- the kinds of sentences available;

*U.S. v. Reinoza,* 23-cr-21
Sentencing Memorandum
Page 6

- the kinds of sentence and the applicable guideline range;

- any pertinent policy statements;

- the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

- the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a)(1) - (7).

## SENTENCING RECOMMENDATION

Under the circumstances here, there is no justification for a variance. As this Court is well aware, the influx of illegal drugs and its effect is dramatic. It is the Government's position that a prison sentence at the low end of the applicable guideline range will adequately reflect the seriousness of the offense, promote respect for the law, and justly punish defendant. Hopefully it will also defer others who may be inclined to engage in this type of criminal behavior.

## CONCLUSION

For the foregoing reasons, the Government recommends the imposition of a prison sentence at the low end of the applicable guideline range. It is the Government's position that this sentence of imprisonment is sufficient, but not greater than necessary, to ensure that the sentence achieves the goals of sentencing as set forth in 18 U.S.C. § 3553(a).

*U.S. v. Reinoza,* 23-cr-21
Sentencing Memorandum
Page 7

|  |  |
|---|---|
| Dated: July 31, 2024 | DELIA L. SMITH<br>United States Attorney<br><br>*/s/ Daniel H. Huston*<br>By:   Daniel H. Huston<br>Assistant U.S. Attorney<br>District of the Virgin Islands<br>Alexander Hamilton House Building<br>1108 King Street, Suite 201, Christiansted<br>St. Croix, VI 00820<br>Telephone: (340) 773-4878<br>Email: daniel.huston@usdoj.gov |